UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
CASE NO.:

YERLY S. ROMERO

    Plaintiff,

v.

ACCURATE PAINTING OF
NORTHWEST FLORIDA INC.

    Defendant,
_____/

## COMPLAINT

COMES NOW the Plaintiff, YERLY S. ROMERO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant ACCURATE PAINTING OF NORTHWEST FLORIDA INC., and alleges:

### JURISDICTION AND VENUES

1. This is an action for equitable and monetary relief to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Plaintiff also brings action and for the violation of the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended;

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

3. The venue of this action is properly placed in the Northern District of Florida, Pensacola Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter

alleged to be unlawful, were committed in Okaloosa County, within the jurisdiction of this Honorable Court.

## PARTIES

4. Plaintiff YERLY S. ROMERO is a covered employee for purposes of the Act. The Plaintiff is a resident of Okaloosa County, Florida, within the jurisdiction of this Honorable Court.  The Plaintiff is a covered employee for purposes of the FLSA, FMLA, and the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended.

5. Defendant ACCURATE PAINTING OF NORTHWEST FLORIDA INC. (hereinafter ACCURATE PAINTING, or Defendant) is a Florida corporation, having a place of business in Okaloosa County, Florida, where the Plaintiff worked. The Defendant was engaged in interstate commerce.

6. The Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), as amended; and the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

7. All the actions raised in this complaint took place in Okaloosa County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. Defendant ACCURATE PAINTING is a construction contractor providing full painting and related services to residential and commercial accounts along the Emerald Coast of Florida.  The Defendant headquarters is located at 200 Kelly Road, Suite 104, Niceville, Florida 32578.

9. Defendant ACCURATE PAINTING employed Plaintiff YERLY S. ROMERO approximately from March 23, 2018, to June 10, 2020, or 116 weeks.

10. The Plaintiff was hired as a non-exempted, full-time painter, and she was paid at the wage-rate of $15.00 an hour,

11. During her time of employment with Defendant, Plaintiff worked 5 days per week an average of 40-42 hours.

12. Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

13. On or about June 10, 2020, Plaintiff and her crew were ordered by the owner of the business, Todd Webster, to take the COVID-19 test.

14. The next day June 11, 2020, every employee in the Plaintiff's group took the test in Destin, Florida. Plaintiff had been feeling slightly sick 2 days before.  Plaintiff did not return to work because her symptoms worsened.

15. On or about June 14, 2020, The City called Plaintiff and informed Plaintiff that she resulted positive for the COVID-19 test.  Plaintiff received instructions to continue her quarantine period, and she was prescribed some over the counter medications.

16. Plaintiff immediately informed her direct Supervisor Rodimiro Cardona that she had the COVID-19 and about her general health condition.

17. On or about June 15, Supervisor Rodimiro Cardona called Plaintiff and informed her that she could come back to work on June 29, 2020, after she finished her self-isolation period and she could be fully recovered.

18. On or about June 19, 2020, Plaintiff called Supervisor Rodomiro Cardona to ask about her weekly check (Plaintiff knew that her co-workers had received their payment).

19. Supervisor Rodomiro Cardona told Plaintiff that the owner Todd Webster said that the Defendant was not going to pay Plaintiff anything because she brought the COVID-19 to the company and that she was already fired.

20. Defendant ACCURATE PAINTING fired Plaintiff before she was cleared to return to work. Plaintiff was unlawfully and retaliatory terminated by her employer.

21. Defendant ACCURATE PAINTING violated Plaintiff's protected rights under the Family Medical Leave Act 29 U.S.C. Section 2612 (a)(1), as amended, when it failed to inform Plaintiff that she was eligible to take leave under the FMLA because of her qualifying medical condition.

22. The Families First Coronavirus Response Act (FFCRA or Act) requires certain employers to provide their employees with paid sick leave and expanded family and medical leave for specified reasons related to COVID-19.

23. Defendant ACCURATE PAINTING violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended by The Emergency Paid Sick Leave Act (EPSLA), which is Division E of the FFCRA, when it failed to pay Plaintiff up to 2 weeks or 80 hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 216 and 217.

24. Defendant ACCURATE PAINTING violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended,

when it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

25. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

26. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act; and to Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended; and any other remedy, as allowable by law.

## COUNT I:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993; INTERFERENCE WITH FMLA RIGHTS

27. Plaintiff YERLY S. ROMERO re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-26 above, or the FMLA allegations, as if set out in full herein.

28. This is an action against corporate Defendant ACCURATE PAINTING for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

29. At all times relevant and material, the Defendant ACCURATE PAINTING, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).  The Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where the Plaintiff worked.

30. Plaintiff YERLY S. ROMERO is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

31. The Defendant ACCURATE PAINTING employed Plaintiff YERLY S. ROMERO approximately from March 23, 2018, to June 10, 2020, or 116 weeks.

32. The Plaintiff was hired as a non-exempted, full-time painter, and she was paid at the wage-rate of $15.00 an hour,

33. Plaintiff had worked for ACCURATE PAINTING for more than 1250 hours in the 12 months preceding her need for medical leave.

34. At all times material, Plaintiff was qualified to perform her job as a painter within the legitimate expectations of her employer.

35. However, on or around June 14, 2020, Plaintiff informed her direct Supervisor Rodomiro Cardona that she tested positive for COVID-19.

36. Plaintiff initiated her self-quarantine related to COVID-19, a qualifying condition under the FMLA, and she took 2 weeks of unprotected leave to treat her qualifying medical condition.

37. Defendant ACCURATE PAINTING violated Plaintiff's FMLA protections when it failed to inform Plaintiff that she was eligible to take protected leave under the FMLA. According to 29 CFR §825.300 (a)(1) and (b)(1), employers are required to inform employees when they meet the requirements to be eligible for FMLA. ACCURATE PAINTING did not inform Plaintiff of her FMLA rights.

38. Plaintiff was expecting to get back to work after her quarantine period and upon medical clearance.

39. Instead, on or about June 19, 2020, the Plaintiff was wrongfully terminated and her rights under the provisions of the Family Medical Leave Act were violated.

40. Defendant ACCURATE PAINTING is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). The Defendant interfered with Plaintiff's rights.

41. 29 U.S. CODE § 2615 states in pertinent part:

    **a) Interference with rights**
    **(1) Exercise of rights**
    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
    **(2) Discrimination**
    It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

42. Plaintiff was entitled to FMLA leave. However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act fired Plaintiff, preventing her from obtaining the benefits of FMLA to treat her condition, to obey Federal, State, and local quarantine orders, and then continuing her job in her original position or an equivalent position.

43. Defendant ACCURATE PAINTING willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 U.S.C. Sect 2615(a)(1), (a)(2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter"

44. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts

described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job.

45. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YERLY S. ROMERO respectfully requests that this Honorable Court will grant judgment:

A. Finding that ACCURATE PAINTING'S actions towards Plaintiff to be violative of the Plaintiff's rights under the FMLA;

B. Awarding Plaintiff YERLY S. ROMERO payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff YERLY S. ROMERO demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

46. Plaintiff YERLY S. ROMERO re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-26 and above, or the FMLA allegations, as if set out in full herein.

47. This is an action against corporate Defendant ACCURATE PAINTING for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

48. At all times relevant and material, the Defendant ACCURATE PAINTING, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant, was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where the Plaintiff worked.

49. Plaintiff YERLY S. ROMERO is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

50. Defendant ACCURATE PAINTING employed Plaintiff YERLY S. ROMERO approximately from March 23, 2018, to June 10, 2020, or 116 weeks.

51. The Plaintiff was hired as a non-exempted, full-time painter, and she was paid at the wage-rate of $15.00 an hour.

52. The Plaintiff had worked for ACCURATE PAINTING for more than 1250 hours in the 12 months preceding her need for medical leave.

53. At all times material, Plaintiff was qualified to perform her job as a painter within the legitimate expectations of her employer.

54. However, on or around June 19, 2020, Plaintiff informed her direct Supervisor Rodomiro Cardona that she tested positive for COVID-19.

55. Plaintiff continued her self-quarantine related to COVID-19, a qualifying condition under the FMLA, and she took 2 weeks of unprotected leave to treat her qualifying medical condition.

56. Plaintiff engaged in statutorily protected conduct by giving notice to her employer about her need for a protected FMLA leave.

57. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

58. There is a causal link between Plaintiff's need for an FMLA leave and the adverse action.

59. Plaintiff was wrongfully terminated from her position in retaliation to her qualified position to exercise her rights under the Act thereby adversely affecting Plaintiff.

60. Defendant ACCURATE PAINTING is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant retaliated against Plaintiff violating 29 U.S. CODE § 2615 and 29 C.F.R § 825.220 which states in pertinent part:

> § 825.220 Protection for employees who request leave or otherwise assert FMLA rights.
>
> **(a)** The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:
>
> **(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.
>
> **(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

61. Plaintiff was entitled to FMLA leave. However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave, and then continuing her job in her original position or an equivalent position.

62. Defendant willfully and wantonly denied, or otherwise interfered and retaliated against Plaintiff for her entitlement to exercise substantive rights under the Family Medical Leave Act.

63. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

64. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YERLY S. ROMERO respectfully requests that this Honorable Court will grant judgment:

    A. Finding that ACCURATE PAINTING'S actions toward Plaintiff to be violative of the Plaintiff's rights under the FMLA.

    B. Awarding Plaintiff YERLY S. ROMERO payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

    C. Awarding Plaintiff an additional equal amount as liquidated damages for

Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff YERLY S. ROMERO demands trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## VIOLATION OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT ("FFCRA") P.L. 116-136, AS AMENDED

65. Plaintiff YERLY S. ROMERO re-adopts every factual allegation about the FFCRA, as stated in paragraphs 1-26 above, as if set out in full herein.

66. At all times relevant and material, the Defendant ACCURATE PAINTING, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).

67. Plaintiff YERLY S. ROMERO is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

68. Defendant ACCURATE PAINTING employed Plaintiff YERLY S. ROMERO approximately from March 23, 2018, to June 10, 2020, or 116 weeks.

69. The Plaintiff was hired as a non-exempted, full-time painter, and she was paid at the wage-rate of $15.00 an hour,

70. At all times material, Plaintiff was qualified to perform her job as a painter within the legitimate expectations of her employer.

71. Defendant ACCURATE PAINTING is a large business with less than five hundred (500) employees and is therefore subject to the FFCRA

72. Plaintiff had worked for ACCURATE PAINTING for more than 30 days before her need for medical leave.

73. On or about June 14, 2020, Plaintiff tested positive for COVID-19. 1) Plaintiff was subjected to a Federal, State, or Local quarantine or isolation order related to COVID-19; 2) Plaintiff had been advised by a health care provider to self-quarantine related to COVID-19; 3) Plaintiff was under observation because of her COVID-19 diagnosis.

74. Defendant ACCURATE PAINTING violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended by The Emergency Paid Sick Leave Act (EPSLA), which is Division E of the FFCRA, when it failed to pay Plaintiff up to 2 weeks or 80 hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 216 and 217.

75. Moreover, Defendant ACCURATE PAINTING violated the FFCRA by discharging Plaintiff from her position based upon her positive COVID-19 diagnosis and orders from her physician to self-isolate.

76. On or about June 19, 2020, the Defendant ACCURATE PAINTING terminated Plaintiff.

77. Defendant ACCURATE PAINTING was fully aware of the health status of the Plaintiff by virtue of the regular updates she provided to her Supervisor Rodomiro Cardona.

78. Before Plaintiff was cleared to return to work by physicians because of the concerns for her health regarding the positive COVID-19 diagnosis, she was unlawfully and retaliatorily terminated by her employer, ACCURATE PAINTING.

79. Plaintiff's need for time off work, due to the concerns related to COVID-19 expressed by her physicians, was the motivating factor behind her termination.

80. Pursuant to the FFCRA, the Defendant ACCURATE PAINTING was prohibited from terminating Plaintiff for her physician-ordered time off work due to COVID-19, and therefore shall be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

81. 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

82. Defendant ACCURATE PAINTING willfully and intentionally retaliated against Plaintiff by firing her.

83. The motivating factor which caused the Plaintiff's termination as described above was the 2 weeks leave to treat her COVID-19 diagnosis. In other words, the Plaintiff would not have been discharged but for her positive COVID-19 test and related 2 weeks self-isolation period.

84. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

85. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YERLY S. ROMERO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant' acts, policies, practices, and procedures complained of herein violated provisions of the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

B. Enter judgment against Defendant ACCURATE PAINTING, that Plaintiff YERLY S. ROMERO recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff YERLY S. ROMERO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff YERLY S. ROMERO demands trial by a jury of all issues triable as of right by a jury.

Dated: August 3, 2020

Respectfully submitted,

By: __/s/ Zandro E. Palma_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*